1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10   MARIA RODRIGUEZ AVILEZ,        )    Case No. CV 06-6739-PJW
                                    )
11                   Plaintiff,     )
                                    )    MEMORANDUM OPINION AND ORDER
12          v.                      )
                                    )
13   MICHAEL J. ASTRUE,             )
     COMMISSIONER OF THE SOCIAL     )
14   SECURITY ADMINISTRATION,       )
                                    )
15                   Defendant.     )
     ───────────────────────────────)

16

17        Before the Court is Plaintiff's appeal of a decision by Defendant

18   Social Security Administration ("the Agency"), denying her

19   applications for Disability Insurance Benefits and Supplemental

20   Security Income.  She asks the Court to reverse the Agency's decision

21   and award benefits or, in the alternative, to remand the case to the

22   Agency for further proceedings.  Because the Agency's decision that

23   Plaintiff was not disabled is supported by substantial evidence, the

24   decision is affirmed.

25        From March 1986 to December 2001, Plaintiff worked as a packer,

26   packing tomatoes then candy.  In December 2001, she was injured on the

27   job.  She continued to work for another month performing light duty

28   for her employer.

On January 31, 2002, she was seen by Dr. Francis G. D'Ambrosio, in connection with her workers' compensation case. (Administrative Record ("AR") 255-62.) She complained of back pain and was diagnosed by Dr. D'Ambrosio with musculoligamentous injury of the lumbar spine and sciatica. (AR 260.) Dr. D'Ambrosio determined that Plaintiff was disabled and could not return to work for six weeks. (AR 263.) Plaintiff returned to see Dr. D'Ambrosio every four to six weeks from January 2002 to March 2003, and each time was continued on disability for the succeeding six weeks. (AR 217-54.) Beginning in April 2003, she was seen by Dr. Vincent Kent at the same address Dr. D'Ambrosio had been seeing her for the preceding 15 months. (AR 193-201.) Dr. Kent, like Dr. D'Ambrosio, found that Plaintiff was disabled and could not return to work. (AR 198, 200.)

Plaintiff was also seen by several other doctors in connection with her workers' compensation case between January 2001 and April 2005 (the date of the administrative hearing), including Drs. John Sedgh, Theodore Levine, and Jonathan Green. These doctors concluded that Plaintiff was not disabled and could work without restrictions. (AR 126, 295, 363.)

In 2003, Plaintiff filed a claim for social security benefits. After her claim was initially denied, she sought and obtained a hearing before an administrative law judge ("ALJ"). The ALJ was tasked with sorting out which medical opinions to accept and which to reject. In reaching his decision, the ALJ assessed Plaintiff's credibility and found that it was lacking. (AR 19.) The ALJ noted, for example, that Plaintiff's statements as to when she entered the United States and how far she had gone in school were different at different times. (AR 17.) He also pointed out that her daily

1  activities were inconsistent with her claims of disabling pain.  (AR

2  19.)   In addition, he noted that Dr. Levine had concluded that

3  Plaintiff was exaggerating her claims of pain and limitations.  (AR

4  19.)   Ultimately, the ALJ found  that Plaintiff could not be believed.

5  (AR 19.)   Having reached that conclusion, the ALJ proceeded to

6  disregard the opinions of Plaintiff's treating physicians, which, the

7  ALJ found, were based on Plaintiff's unbelievable claims of pain and

8  limitation.  (AR 18.)   Plaintiff contends that this finding was in

9  error.

10       An ALJ may reject a treating doctor's opinion that is based on a

11  claimant's unbelievable claims of pain and limitation.  *See Tonapetyan*

12  *v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (upholding ALJ's

13  rejection of examining physician's opinion that was based on

14  subjective complaints of claimant and on testing within claimant's

15  control); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (upholding

16  ALJ's rejection of treating physician's opinion premised on claimant's

17  subjective complaints, which ALJ rejected).  That is what the ALJ did

18  here, and his finding is supported by substantial evidence.

19       Plaintiff takes exception to the ALJ's rejection of her treating

20  doctors' opinions based on the ALJ's finding that these opinions were

21  based solely on Plaintiff's subjective complaints.  (Joint Stip. at 7-

22  8.)  She notes that there was objective evidence supporting her

23  claims, including, for example, epidural injections and an intradiscal

24  electrothermal annuloplasty ("IDET") to relieve her pain.  (Joint

25  Stip. at 8.)  She also points out that a CT scan "revealed significant

26  neural foraminal stenosis and impingement of the existing left nerve

27  root."  (Joint Stip. at 8.)

28

The ALJ was aware of Plaintiff's treatment, including the epidurals and the IDET, when he determined that Plaintiff was not disabled.  Even Plaintiff's own doctor, Dr. Kent, described this treatment as conservative.  (AR 315.)  Thus, this evidence does not necessarily support Plaintiff's claim of debilitating pain.

As to the CT scan that revealed stenosis and nerve root impingement, neither condition was necessarily associated with pain. Pain, in general, and back pain, in particular, is idiosyncratic. *See, e.g., Howard v. Heckler*, 782 F.2d 1484, 1488 (9th Cir. 1986) ("[P]ain is a highly idiosyncratic phenomenon, varying according to the pain threshold and stamina of the individual victim."). Presumably, some people with stenosis suffer immense pain, others do not.  The ALJ's job was to determine whether Plaintiff was really suffering from pain and, if so, to what extent.  Where, as here, that issue is contingent primarily on what the claimant says to her doctor and the effort she exerts in performing certain tests to measure the extent of her limitations, the claimant's credibility is a critical, if not the most critical, factor in determining the extent of her impairment.  The ALJ's uncontested finding that Plaintiff was not credible doomed her efforts to obtain benefits before the Agency and, practically speaking, precludes her from prevailing in this Court as well.

Though it is undisputed that, generally speaking, a treating physician's opinion is entitled to deference, there are exceptions to that rule.  One such exception is where the treating physician's opinion is discounted for specific and legitimate reasons that are based on substantial evidence in the record.  *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).  The ALJ set forth a specific and

4

legitimate reason for rejecting the treating physicians' opinions--
i.e., they were based on Plaintiff's subjective complaints and she was
not believable--and this reason was supported by substantial evidence
in the record.  As such, it will be affirmed.[1]

IT IS SO ORDERED.

DATED:     March  10  , 2008.


_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\AVILEZ, M\Memo_Opinion.wpd

---

[1]  Plaintiff also complains that the ALJ failed to recognize the distinction between the workers' compensation terms used by the treating physicians and the same terms, albeit with different meanings, used by the ALJ and the Agency doctors.  The Court does not agree.  More importantly, the outcome of this case was not affected by any error in the ALJ's understanding of these terms.  The treating doctors' opinions were disregarded because they were based in large measure on Plaintiff's subjective complaints.  They were not discounted because of any discrepancy between the workers' compensation terms used by the workers' compensation doctors and the similar terms but with different meanings used by the other doctors or the ALJ.

5